UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASSER SHUNIA,

    Plaintiff,

v.

GREYHOUND LINES, INC., and
A.S.A.P. SECURITY STAFFING AND
TRAINING, LLC,

    Defendants.

                                            /

Case No. 14-cv-12441

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING A.S.A.P.'S MOTION TO DISMISS** (document no. 16),
**GRANTING IN PART GREYHOUND'S MOTION TO DISMISS** (document no. 18),
**AND TRANSFERRING THE CASE TO THE WESTERN DISTRICT OF TENNESSEE**

Nasser Shunia brings claims against Greyhound Lines, Inc. ("Greyhound") and A.S.A.P. Security Staffing and Training, LLC ("A.S.A.P.") arising out of events that occurred at a Greyhound bus station in Memphis, Tennessee on June 24, 2013.[1] Because the Court lacks personal jurisdiction over A.S.A.P., and because all events in question occurred in Tennessee, venue in the Eastern District of Michigan is not proper under 28 U.S.C. § 1391. The Court will therefore transfer the case to the United States District Court for the Western District of Tennessee.

### BACKGROUND

The plaintiff, Nasser Shunia, is a truck driver and resident of Michigan. Compl. ¶ 1, 8, ECF No. 1. On or around June 23, 2013, Shunia was working in Texas when his truck broke down. *Id.* ¶ 8. He consulted with his employer and they decided Shunia should take a Greyhound bus to get home to Michigan. *Id.* He purchased a ticket in Texas and rode a

---

[1] The complaint states the events in question occurred on June 24, 2012, but the Court believes Shunia meant to say 2013.

bus to Memphis, Tennessee, where he was to change buses for the final leg of his trip to Michigan. *Id.* ¶¶ 8–9. The bus from Memphis to Michigan was scheduled to leave at midnight on or about June 24, 2013. *Id.* ¶ 9. While standing in line to board the bus, a Greyhound representative advised Shunia that the bus was overbooked and that several passengers, including Shunia, would not be allowed to board. *Id.* Instead, they would have to wait for another bus scheduled to leave at 5:00 p.m. the next day. *Id.*

Shunia spoke to a ticket agent at the ticket counter and asked to either be allowed on the midnight bus or given a refund. *Id.* ¶ 10. His request was denied, and Shunia was told to step out of line. *Id.* ¶ 11. It is unclear what happened immediately thereafter, but soon two security officers, employed by A.S.A.P., were summoned to the ticket counter. *Id.* ¶ 12. They allegedly assaulted Shunia, knocked him down, jumped on top of him, pepper sprayed him, kicked him, and dragged him to a room down a hallway, where they struck him repeatedly. *Id.* ¶¶ 13–15. Shunia states that witnesses attempted to videotape the incident. *Id.* ¶ 16. Shunia was transported to a Memphis hospital where he was diagnosed with a shoulder injury and contusions. *Id.* ¶ 17. Subsequently, Shunia was charged with and prosecuted for assault and battery—charges that were voluntarily dismissed by the prosecutor at a preliminary hearing. *Id.* ¶ 18.

The complaint alleges the A.S.A.P. security officers were operating as agents for and under the direction of Greyhound. *Id.* ¶ 19. Citing diversity of citizenship and an amount in controversy in excess of $75,000, Shunia brings claims against the defendants for respondeat superior, negligence, gross negligence, assault and battery, intentional and/or negligent infliction of emotional distress, malicious prosecution, racial discrimination and intimidation, and negligent training. A.S.A.P. filed a motion to dismiss for lack of personal

2

jurisdiction. ECF No. 16. Greyhound filed a motion to dismiss for improper venue, or, in the alternative, to transfer venue. ECF No. 18. The Court, having reviewed the briefs, concludes that a hearing is not necessary to decide the motion. E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court will deny the parties' motions to dismiss and transfer the case to the U.S. District Court for the Western District of Tennessee.

## LEGAL STANDARD

Venue for civil actions brought in district courts of the United States is governed by 28 U.S.C. § 1391. In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* § 1391(b).

Natural persons are "deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). "[E]ntit[ies] with the capacity to sue and be sued . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

Courts analyze whether personal jurisdiction exists over a non-resident defendant under the laws of the forum state, typically a "long-arm" statute. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998). Personal jurisdiction in Michigan is governed by Mich. Comp. Laws § 600.711 and § 600.715. The former establishes general personal jurisdiction over

any corporation that is incorporated in Michigan, consents to jurisdiction, or "carry[s] on . . . a continuous and systematic part of its general business within the state." Mich. Comp. Laws. § 600.711. The latter establishes limited personal jurisdiction over any corporation for matters arising out of conduct that establishes one of the following relationships:

> (1) The transaction of any business within the state.
>
> (2) The doing or causing of any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

*Id.* § 600.715.

If personal jurisdiction exists under the forum state's long-arm statute, the inquiry then shifts to whether the exercise of personal jurisdiction is within the constitutional limits of due process. The party must have established "minimum business contacts" so as not to "offend traditional notions of fair play and substantial justice." *Cole*, 133 F.3d at 436 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Sixth Circuit employs a three-part test for analyzing whether the exercise of personal jurisdiction over a defendant comports with the Due Process Clause.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

4

In general, "[p]ersonal jurisdiction must be analyzed and established over each defendant independently." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Additionally, the plaintiff has the burden of demonstrating—by setting forth specific facts—the existence of personal jurisdiction over each defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The Court may decide matters of personal jurisdiction on the basis of affidavits alone. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).

## DISCUSSION

Other than a conclusory statement that venue is appropriate in the Eastern District of Michigan, Compl. ¶ 6, ECF No. 1, the complaint makes no allegations concerning the Court's ability to exercise personal jurisdiction over A.S.A.P. To the contrary, Shunia states only that A.S.A.P. "is a Tennessee Limited Liability Company . . . doing business in the State of Tennessee." *Id.* ¶ 3.

Attached to A.S.A.P.'s answer is an affidavit of Byron T. Williams, A.S.A.P.'s resident agent and sole member. A.S.A.P. Mot. Dismiss, Williams Aff., ECF No. 16-2. He states A.S.A.P. is organized under the laws of the State of Tennessee, that the company's principal place of business is (and always has been) in Tennessee, and that A.S.A.P. provides security guard services and security staffing and training services only in Shelby County, Tennessee. *Id.* ¶ 2, 4.

Williams' affidavit further states that A.S.A.P. does not advertise in Michigan, has never solicited business in Michigan, has never been licensed to provide security in Michigan, and has never provided any security guard services, security staffing or

5

training, or conducted any other business, of any nature, in Michigan. *Id.* ¶¶ 8–10. All of A.S.A.P.'s work on the date of the incident giving rise to Shunia's complaint was performed in Tennessee. *Id.* ¶ 13. Furthermore, at the time, A.S.A.P. was working only at the Greyhound bus terminal in Memphis, Tennessee, and all of the security personnel on duty on the date in question were residents of Shelby County, Tennessee. *Id.* ¶¶ 16–18. Williams also states he has never personally been to the State of Michigan. *Id.* ¶ 21.

Shunia has failed to meet his burden of proving the existence of personal jurisdiction over A.S.A.P. General jurisdiction pursuant to Mich. Comp. Laws. § 600.711 is clearly lacking, as A.S.A.P. is not incorporated in Michigan, nor does it consent to jurisdiction or carry on any part of its business in the state. Similarly, specific jurisdiction is absent, as none of the relationships enumerated by Mich. Comp. Laws § 600.715 are present. The Court therefore concludes that it lacks personal jurisdiction over A.S.A.P.

Because the Court lacks personal jurisdiction over A.S.A.P., venue in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(1) is not appropriate, since not all defendants are residents of Michigan. Additionally, venue is not appropriate pursuant to 28 U.S.C. § 1391(3). Even if Greyhound is subject to personal jurisdiction in the Eastern District of Michigan, both Greyhound and A.S.A.P. are residents of the Western District of Tennessee, and so accordingly venue is proper there under 28 U.S.C. § 1391(1). Venue in the Western District of Tennessee is also appropriate pursuant to 28 U.S.C. § 1391(2), because a substantial part of the events or omissions giving rise to the claim occurred there. For all these reasons, the Western District of Tennessee is the appropriate venue for Shunia's action.

## CONCLUSION

For the reasons stated above, the Court will deny A.S.A.P.'s motion to dismiss, grant in part and deny in part Greyhound's motion to dismiss, and transfer the action to the United States District Court for the Western District of Tennessee.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that A.S.A.P.'s Motion to Dismiss (document no. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Greyhound's Motion to Dismiss (document no. 18) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the action is **TRANSFERRED** to the United States District Court for the Western District of Tennessee.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 23, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 23, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager